# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Michael Duffer, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:20-cv-91 |
| Kinum, Inc., a Virginia corporation, | ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT – CLASS ACTION

Plaintiff, Michael Duffer, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's form debt collection letters violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Michael Duffer ("Duffer"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt, which was allegedly owed for medical services.

4. Defendant, Kinum, Inc. ("Kinum"), is a Virginia corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails

and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant Kinum operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Kinum was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Kinum is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant Kinum conducts business in Indiana.

6. Defendant Kinum is licensed as a debt collection agency in the State of Indiana, see, record NMLS Consumer Access, attached as Exhibit B. In fact, Defendant acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. Mr. Duffer fell behind on paying his bills, including a debt he allegedly owed for medical services for his family. Sometime after this debt went into default, it was placed with Defendant for collection, who began trying to collect upon it by sending Mr. Duffer two initial form collection letters, dated May 20, 2019 and were attempting to collect the same debt. One of the letters stated the amount due was $35.00 and the other letter stated the amount due was $70.00. Moreover, both of these letters stated:

\* \* \*

> As of the date of this letter, the balance due and owing is stated above. Because of interest that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, please write the undersigned.

\* \* \*

Copies of these collection letters are attached as Group Exhibit C.

8. The above language is a variant of a safe harbor letter created by the Seventh Circuit in Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, 214 F.3d 872, 876 (7th Cir. 2000), for mortgage debts where interest, late charges and other charges are continuing to accrue on an account. To include it in collection letters involving other debts, where such charges are not accruing, violates the FDCPA, see, Boucher v. Finance System of Green Bay, 880 F.3d 362, 367-368 (7th Cir. 2018).

9. Thereafter, Defendant sent another collection letter dated June 10, 2019, which stated the amount due was still only $35.00. A copy of this letter is attached as Exhibit D.

10. These collections letters left Mr. Duffer, as well as any other recipient, confused as to the amount of the debt and whether it was increasing.

11. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision-making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012), and Boucher, 880 F.3d at 368. Here, Defendant's actions would cause a consumer to be confused as to whether he was subject to additional interest/charges, when he was not, in fact, subject to them. This would directly impact his decision on whether to pay off the debt, dispute the debt, or make some other arrangement regarding the debt, and would certainly be a factor in such a decision. Mr. Duffer was alarmed and upset by Defendant's collection actions.

12. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, including falsely representing the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), as well as threatening to take any action that cannot legally be taken or that is not intended to be taken, see, 15 U.S.C. § 1692e(5).

16. By sending the collection letters threatening to impose additional interest and fees when none would, or could, be imposed and stating different amounts for the same debt, Defendant violated § 1692e of the FDCPA.

17. Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

21. Defendant, by threatening to impose additional interest and fees, when

none would, or could, be imposed and by stating different amounts owed for the debt, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

22. Defendant's violation of § 1692f of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

23. Plaintiff, Michael Duffer, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a defaulted consumer debt, allegedly owed medical services, via the same form collection letters (Group Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letters violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(1) and (2) of the FDCPA.

24. Defendant regularly engages in debt collection, using the same form collection letters they sent Plaintiff Duffer, in their attempts to collect defaulted consumer medical debts from other consumers.

23. The Class consists of more than 35 persons from whom Defendant attempted to collect defaulted consumer medical debts by sending other consumers the same form collection letters they sent Plaintiff Duffer.

24. Plaintiff Duffer's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on

5

behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

25. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

26. Plaintiff Duffer will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Duffer has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Michael Duffer, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Duffer as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendant's form collection letters violate the FDCPA;

4. Enter judgment in favor of Plaintiff Duffer and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Michael Duffer, individually and on behalf of all others similarly situated, demands trial by jury.

                                          Michael Duffer, individually and on
                                          behalf of all others similarly situated,

                                          By: /s/ David J. Philipps_____
                                          One of Plaintiff's Attorneys

Dated:  January 9, 2020

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John T. Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
john@johnsteinkampandassociates.com